127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rance Dwayne PRESTON, Defendant-Appellant.
 No. 96-30087.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 1997.
Decided Sept. 25, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-92-00155-1-JAR; James A. Redden, District Judge, Presiding.
 Before: CANBY, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Preston did not establish a Brady violation in his case. Establishing a Brady violation requires proof that (1) the material at issue was exculpatory, (2) that it was not produced when it should have been, and (3) that the failure timely to produce it mattered to the outcome, that is, that there was a reasonable probability that had it been timely disclosed, the result would have been different. United States v. Steinberg, 99 F.3d 1486, 1489-90 (9th Cir.1996); United States v. Zuno-Arce, 44 F.3d, 1420, 1425 (9th Cir.1995), cert. denied, 116 S.Ct. 383 (1995). Preston's showing was insufficient on all three elements, and as the district court concluded, did not require an evidentiary hearing. Evidence that (1) different officers in the strike force had permitted (2) a different confidential informant to keep some cocaine to sell and (3) the different officers had prepared false reports, would not have impeached Tredwell. It is not clear that such evidence was even admissible. Even if it was, the case would not be put in such a different light as to undermine confidence in the verdict. See Steinberg, 99 F.3d at 1491.
 
 
 3
 The jury learned that Tredwell was a career criminal, that he had escaped prosecution on numerous crimes, that he informed because the financial returns were better than from selling drugs, and that he did not pay his taxes on the informant money he received. The logic of appellant's understatement argument makes sense--a lot of people who would not lie for $100 might well lie for $100,000. But any understatement of how much Tredwell received was not so great as to make it likely that a jury would think the difference would bear on how likely it was that he was lying. We do not see how earlier disclosure of the additional amounts and of the task force misconduct with a different informant would have affected the district court's exclusion of extrinsic evidence of other bad acts by Tredwell.
 
 
 4
 A fortiori, the district court did not abuse its discretion in denying the motion for new trial, and in doing so without a hearing. United States v. Nace, 561 F.2d 763, 772 (9th Cir.1977) ("The decision on whether to hold a hearing [on a motion for a new trial based upon an alleged Brady violation] or to proceed by affidavit is within the sound discretion of the trial court." (citations omitted)). It was within the court's discretion to conclude that the purported new evidence was not material evidence which would probably produce an acquittal. United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The government's request for publication is denied